[Cite as *State v. Lafferty*, 2018-Ohio-4802.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0037** |
| JERICO RICHARD LAFERTY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00440.

Judgment:  Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH  44047 (For Plaintiff-Appellee).

*Jane Timonere*, Timonere Law Offices, L.L.C., 4 Lawyers Row, Jefferson, OH  44047 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.


{¶1}    Appellant, Jerico Richard Lafferty, appeals his five-year prison sentence for aggravated possession of drugs.  We affirm.

{¶2}    Lafferty pleaded guilty to aggravated possession of drugs in violation of R.C. 2925.11(A)(C) and (1)(c), a second-degree felony, with a forfeiture specification, and operating a vehicle under the influence, a first-degree misdemeanor in violation of R.C.

4511.19(A)(1)(a). The court sentenced him to five years for the aggravated possession of drug offense concurrent to five months for OVI.

{¶3} Laferty fails to set forth assignments of error as required under App.R. 16(A)(3). Notwithstanding this error in briefing, he presents two arguments for review.

{¶4} He only challenges the five-year sentence for his aggravated possession of drug offense as improper, and as such, we do not discuss the propriety of his OVI sentence.

{¶5} Laferty's first argument contends his sentence is disproportionate to his conduct, and he claims he should have received a sentence on the lower end of the applicable sentencing range because his offense was not particularly egregious and since he took responsibility for his conduct by pleading guilty.

{¶6} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶7} His drug possession offense is a second-degree felony. Thus, the court could have imposed a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). The court imposed a mandatory five-year term, which is in the middle of the prescribed range.

2

{¶8} Laferty asked for the lowest sentence at sentencing because he has young children, maintains regular employment, and his criminal history stems from his drug addiction. He also asked for leniency based on his acceptance of responsibility for his conduct and since he had remained clean from drugs during the proceedings.

{¶9} Before announcing his sentence, the trial court examined Laferty's history of offenses both as an adult and juvenile as detailed in his presentence investigation report. The court explained:

{¶10} "[T]here are several juvenile adjudications from 2007 to 2010. Also, your adult record begins in 2011. There's a couple of drug related misdemeanors. Then [in] 2012, that's the first felony drug-related conviction. You were placed on community control on that case. And in 2014, it looks as though you were terminated unsuccessfully from that. Then in 2013 you had your second felony drug conviction. You were again placed on community control, and after a hearing that was revoked and then you were sent to prison. So you have been to prison before * * *. * * * [T]hen again in 2012 and 2013, you have a couple more misdemeanor drug convictions. Then in 2016 and 2017, you had a couple more misdemeanor convictions including an OVI. And then, of course, the present offenses that were pled to here."

{¶11} Laferty does not challenge the court's recitation of his criminal history, and he did not object to or disagree with its statements during sentencing. Moreover, the court acknowledges that it considered the purposes and principles of the sentencing statutes, including the recidivism and seriousness factors, and emphasizes that Laferty has not responded favorably to past sanctions. It notes that he continues to commit crimes despite community control sanctions and spending time in prison.

{¶12}  We do not find by clear and convincing evidence that the record does not support the trial court's findings or that Laferty's sentence is contrary to law.  R.C. 2953.08(G)(2).  Accordingly, his first argument lacks merit and is overruled.

{¶13}  Under his second argument Laferty argues that the general sentencing structure in Ohio violates the Eighth Amendment's prohibition against cruel and unusual punishment.  He claims that sentencing judges are afforded too much discretion in choosing a prison term in the designated range and that a new standard is required for examining Eighth Amendment challenges.

{¶14}  However, "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).  The failure to do so, waives the argument on appeal.  *Id.*; *O'Brien v. Phillips,* 10th Dist. Franklin No. 14AP-1026, 2015-Ohio-3901, 43 N.E.3d 1, ¶43.  Here, Laferty did not raise any constitutional challenges to the trial court, and as such, this issue is waived.

{¶15}  His second argument lacks merit and is overruled.  The trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

4